UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W.,[1]<br><br>    **Plaintiff,**<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    **Defendant.** | **Case No. 25–cv–01324–ESK**<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on plaintiff John W.'s appeal (ECF No. 1) from the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security disability insurance benefits (ECF No. 4–2 pp.17–34 (Mar. 29, 2024 Decision)). For the following reasons, the decision will be **AFFIRMED**.

### I.    BACKGROUND

#### A.    Procedural History

On July 28, 2021, plaintiff filed an application for benefits. (ECF No. 4–3 p.2) The application was denied on September 29, 2021, and on reconsideration on April 1, 2022. (*Id.* pp.3–6; ECF No. 4–4 pp.10–12.) An administrative law judge held a hearing on October 30, 2023, at which plaintiff and a vocational expert testified. (Mar. 29, 2024 Decision p.17.) On March 29, 2024, the administrative law judge issued a decision unfavorable to plaintiff, concluding that he was not disabled within the meaning of the Social Security

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021–10.

Act. (*Id.* pp. 17–34.) On December 19, 2024, the Appeals Council denied plaintiff's request for review, making the March 29, 2024 decision the Commissioner's final decision. (ECF No. 4–2 pp. 2–7.)

### B. Standard Governing Benefits

Disability insurance benefits are available under the Social Security Act to program contributors who have a disability. 42 U.S.C. §423(a)(1). The term "disability" includes the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* §423(d)(1)(A). An individual is disabled only if their disability is of such severity that not only can they not engage in their prior line of work, but—considering their age, education, and work experience—they cannot "engage in any other kind of substantial gainful work which exists in the national economy …." *Id.* §423(d)(2)(A).

Administrative law judges follow a five-step sequential process to determine whether an individual is disabled. *See* 20 C.F.R. §404.1520(a)(4)(i)–(v). The administrative law judge first determines whether the individual is engaged in substantial gainful activity and—if not—moves to the second step, analysis of the severity of the individual's impairment. *Thomas v. Comm'r Soc. Sec.*, 856 F. App'x 400, 403 (3d Cir. 2021). Third, the administrative law judge compares the individual's impairment "to a list of impairments 'presumed severe enough to preclude any gainful work.'" *Id.* (quoting *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)). If the individual's impairment is not listed, the administrative law judge determines at step four whether they have retained sufficient residual functional capacity to perform past relevant work. *Id.* If the individual can perform past relevant work, they are not disabled. *Id.* Finally, if the individual cannot

return to past relevant work, the administrative law judge determines at the fifth step whether the impairment precludes adjustment to other work.    *Id.*

The burden is on the claimant through the first four steps but shifts to the Commissioner of Social Security for the fifth step.    *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 686 (3d Cir. 2020).    The Commissioner must prove that the claimant can adjust to other work.    *See* 20 C.F.R. §404.1520(a)(4)(v); *Orr v. Comm'r Soc. Sec.*, 805 F. App'x 85, 90 (3d Cir. 2020).    Determination of what type of work an individual is capable of performing may come from a variety of sources, including the Dictionary of Occupational Titles and vocational expert testimony.    *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014); *see also Martin v. Comm'r of Soc. Sec.*, 547 F. App'x 153, 156 (3d Cir. 2013) ("At the fourth and fifth steps, the ALJ often seeks advisory testimony from a vocational expert. In addition, the ALJ will 'generally' consult the *Dictionary of Occupational Titles* …, a publication of the United States Department of Labor that contains descriptions of the requirements for jobs that exist in the national economy, to determine whether any jobs exist that the claimant can perform." (quoting *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002)).

### C.    The Administrative Law Judge Decision

At the first and second steps, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since July 28, 2021 and has severe impairments.    (Mar. 29, 2024 Decision p. 19.)    These impairments are a history of seizure disorder, major depressive disorder, generalized anxiety disorder, and panic disorder.    (*Id.*)    The administrative law judge determined at the third step that plaintiff did "not have an impairment or combination of impairments that [met] or medically equal[ed] the severity" of any of the impairments listed in the regulations.    (*Id.* pp. 19–22.)

Next, the administrative law judge found that plaintiff "retain[ed] the residual functional capacity to perform a full range of work at all exertional

levels but with the following nonexertional limitations: no ladders, ropes or scaffolds; no high exposed places or moving mechanical parts; no driving or operating a motor vehicle." (*Id.* pp. 22–29.) Plaintiff was found capable of carrying out simple instructions, occasionally interacting with the public and coworkers, and occasionally changing workplace settings. (*Id.* pp. 28, 29.) Finally, plaintiff was without past relevant work and—considering his age, education, experience, and residual functional capacity—was capable jobs existing in "significant number[]." (*Id.* pp. 29, 30.) These jobs, based on the testimony of a vocational expert, consisted of linen room attendant, hand packer, and marker 2/ process changer. (*Id.*)

## II.   STANDARD OF REVIEW

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an administrative law judge's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco*, 840 F. App'x at 687 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an administrative law judge's findings when they are supported by substantial evidence, even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

4

## III.  DISCUSSION

Plaintiff argues that the administrative law judge failed to resolve conflicts between the Dictionary of Occupational Titles and the testimony of the vocational expert related to reasoning levels.  (ECF No. 5 (Pl.'s Br.) p.9.) Specifically, plaintiff alleges that the vocational expert's testimony that a limitation to jobs involving simple instructions would preclude the ability to perform detailed instructions conflicts with her testimony that plaintiff would be capable of performing jobs with a reasoning level of 2 or 3.  (*Id.* pp.11–18.)

The Commissioner responds that substantial evidence supports the finding that plaintiff could "perform work that existed in significant numbers in the national economy."  (ECF No. 7 (Comm'r Opp'n Br.) p.13.)   No conflict exists between the Dictionary of Occupational Titles and the vocational expert's testimony because a limitation to simple instructions does not preclude the ability to perform detailed "but uninvolved" instructions as required for level 2. (*Id.* pp.14, 15.).   Plaintiff's counsel omitted the words "but uninvolved" when questioning the vocational expert.[2]   (*Id.* pp.14, 20.)

At the hearing, vocational expert Marian Marracco was asked about the jobs available to an individual with the abilities and limitations of plaintiff. (ECF No. 4–2 pp.62–64.)   Notably, when the administrative law judge asked whether an individual "unable to carry out simple instructions" could perform these jobs, the vocational expert testified that "[a]ll three jobs are simple and unskilled" and that no other jobs existed that were "lower than that."  (*Id.* p.63.)   When the administrative law judge then clarified and asked if an

---

[2] Plaintiff also argues that the administrative law judge was prohibited from relying upon EM–21065 to preclude consideration of reasoning levels because EM–21065 is purportedly invalid.  (Pl.'s Br. pp.18–28.)   The administrative law judge did not rely on EM–21065 in her decision, and the Commissioner does not rely on it here. (Comm'r Opp'n Br. p.20.)   Therefore, I need not address the validity of EM–21065.

individual able to carry out simple instructions could perform all three jobs, the vocational expert stated that they could.   (*Id.* pp. 63, 64.)

Plaintiff's counsel then asked the vocational expert if a limitation to simple instructions would preclude "all detailed written and oral instructions."   (*Id.* p. 65.)   The vocational expert stated that it would.   (*Id.*)

Administrative law judges are obligated to identify and obtain reasonable explanations for any conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.   *Zirnsak*, 777 F.3d at 617.   "[A]n ALJ is required to (1) ask, on the record, whether the [vocational expert's] testimony is consistent with the [Dictionary of Occupational Titles], (2) 'elicit a reasonable explanation' where an inconsistency does appear, and (3) explain in its decision 'how the conflict was resolved.'"   *Id.* (quoting *Burns,* 312 F.3d at 127).   A conflict regarding one of the jobs identified in an administrative law judge's decision does not necessitate remand if substantial evidence supports a claimant's ability to perform other specified jobs.   *See id.* at 620 (discussing strength requirements for identified jobs).

Plaintiff's counsel omitted the words "but uninvolved" when questioning the vocational expert, but I need not address whether counsel "selectively omitted" these words as the Commissioner alleges.   (Comm'r Opp'n Br. p. 14.) The issue is whether the finding that plaintiff is limited to jobs with simple instructions conflicts with the finding that plaintiff is capable of performing jobs of reasoning level 2.   I conclude that no conflict exists because "the Third Circuit has repeatedly held that a limitation to 'simple, routine, and repetitive' or 'simple' work is not inconsistent with occupations requiring a Reasoning Level of Two."   *Tonya R. v. Comm'r of Soc. Sec.*, Case No. 24–06929, 2025 WL 3281851, at \*6 (D.N.J. Nov. 25, 2025) (quoting *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004)); *see also Stacey S. v. Comm'r of Soc. Sec.*, Case No. 21–20433, 2022 WL 16834673, at \*8 (D.N.J. Nov. 8, 2022) ("Reasoning Level 2 only

6

requires that a claimant be able to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions[; d]eal with problems involving a few concrete variables in or from standardized situations.'" (alterations in original) (quoting Appendix C: Components of the Definition Trailer, Dictionary of Occupational Titles, https://occupationalinfo.org/appendxc_1.html (last visited Mar. 6, 2026))).

Plaintiff also argues that the limitation to simple instructions was inconsistent with the finding that he was able to perform a job at reasoning level 3. (Pl.'s Br. p.14.) However, "there is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak*, 777 F.3d at 618; *see also Dionisio R. v. Comm'r of Soc. Sec.*, Case No. 23–22067, 2025 WL 428557, at *6 (D.N.J. Feb. 7, 2025) ("[T]here is no conflict between Plaintiff's limitation to 'simple instructions' and his ability to perform reasoning level 3 work as a mail clerk."); *Statkiewicz v. Kijakazi*, Case No. 21–04316, 2022 WL 807421, at *7 (D.N.J. Mar. 16, 2022) ("A GED reasoning level of 3 does not automatically conflict with a restriction to 'simple instructions.'").

Further, any error does not warrant remand because the administrative law judge found that jobs of reasoning level 2 were available. This finding was supported by substantial evidence. *See Zirnsak*, 777 F.3d at 620.

### IV. CONCLUSION

For the reasons stated above, the Commissioner's decision will be **AFFIRMED**. An appropriate order accompanies this opinion.

>                          */s/ Edward S. Kiel*
>                          **EDWARD S. KIEL**
>                          **UNITED STATES DISTRICT JUDGE**

Dated: March 10, 2026